UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SIMEON J. BRIGGS, :
    Plaintiff, :
 :
v. : C.A. No. 22-31WES
 :
RHODE ISLAND DEPARTMENT OF :
CORRECTIONS, et al., :
    Defendants. :

**REPORT AND RECOMMENDATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

    Plaintiff Simeon J. Briggs has filed an Amended Complaint in this Court pursuant to 42 U.S.C. § 1983.[1] ECF No. 3. He alleges that he is a severely and persistently mentally ill ("SPMI") inmate who was harassed, assaulted and transferred to a prison in Virginia by the Rhode Island Department of Corrections ("RIDOC"), its Director (Patricia Coyne-Fague) and its Administrator of Classification Service (Linda Amado). His Amended Complaint is accompanied by an Application to Proceed without Prepayment of Fees and Affidavit, which has been referred to me. ECF Nos. 4-5 ("IFP Application"). Plaintiff's Motion for the Appointment of Counsel (ECF No. 7) was also referred to me. Because of the IFP Application, the Court is required to screen the Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.    Background**

    Plaintiff's Amended Complaint alleges that he was involuntarily transferred by RIDOC from custody in Rhode Island to custody in a facility in Virginia with the approval of Defendant Amado and with the knowledge after the fact of Defendant Coyne-Fague. ECF No. 3 at 8-9. Plaintiff claims that the transfer was implemented without his having first been provided with

---

[1] Plaintiff is suing as a *pro se* prisoner. Therefore, the Court has reviewed his filings with the leniency required for all *pro se* litigants. Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23 (1st Cir. 2000).

notice, an administrative hearing and a written statement of the reasons for the transfer. Id. Plaintiff contends that pre-transfer notice and hearing and a written statement of reasons are required by RIDOC Policy 15.03-2 ("Out-of-State Transfer") and that the failure to comply with this Policy violated his Constitutional right to due process of law. Id. at 8. In Virginia, Plaintiff alleges that he is away from family and unable to access the programing, schooling and work opportunities that he was getting while in RIDOC's custody in Rhode Island. Id. at 9. Plaintiff also complains that the inmate locator for him has been turned off and he "is being spoken about as a (PC) Protective Custody which is putting his safety in harms way." Id.

## II.     Standard of Review

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2) and § 1915A is identical to the standard used when ruling on a Rule 12(b)(6) motion. Chase v. Chafee, No. CA 11-586ML, 2011 WL 6826504, at *2 (D.R.I. Dec. 9, 2011). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Fed. R. Civ. P. 12(b)(6). Although detailed factual allegations are not required, factual allegations must be enough to raise a right to relief above the speculative level. Twombly, 550 U.S. at 555. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678. However, the court is not "bound to accept as true a legal conclusion couched as a factual allegation." Id. (citation and internal quotation marks omitted). The tenet that the court is required to accept all of the (well-pled) allegations contained in a complaint is inapplicable to legal conclusions. Id.

**III.   Law and Analysis**

It is well settled that the transfer of a prisoner from a state prison in one state to one in a different state does not implicate a liberty interest within the meaning of the Due Process Clause of the Fourteenth Amendment. See Olim v. Wakinekona, 461 U.S. 238, 240, 248 (1983). The Fourteenth Amendment guarantees procedural due process only to protect a substantive interest to which the individual has a legitimate claim of entitlement, id. at 250, and it is well settled that prison officials may transfer a prisoner "for whatever reason or for no reason at all." Meachum v. Fano, 427 U.S. 215, 228 (1976). There can be no Due Process Clause violation when there is no constitutional liberty interest for process to protect.[2] Olim, 461 U.S. at 249. While a state may choose to require procedures for reasons other than protection against deprivation of substantive rights, as Plaintiff claims Rhode Island has done for out-of-state transfers, in making that choice the state does not create an independent substantive right. See id. at 250-51 (citing Hewitt v. Helms, 459 U.S. 460, 471 (1983)). Put differently, the fact that Rhode Island has created a procedural prerequisite to out-of-state transfers does not create a liberty interest that is protected by the Due Process Clause of the Fourteenth Amendment. See Hewitt, 459 U.S. at 471. Because an inmate "has no justifiable expectation that he will be incarcerated in any particular State," the Due Process Clause does not, "in and of itself, give rise to any protected liberty interest in remaining in-state to serve a prison sentence." Gibbs v. Zenk, Civil No. 17-CV-299-PB, 2018 WL 3946517, at *3 (D.N.H. June 28, 2018) (quoting Olim, 461 U.S. at 245,

---

[2] This principle is not unfamiliar to Plaintiff. In 2009, he sued Rhode Island prison officials, *inter alia*, for violating his procedural due process rights under the Fourteenth Amendment by placing him in the High Security Center without a classification board hearing. Briggs v. Wall, C.A. No. 09-456 S, 2009 WL 4884529, at *4 (D.R.I. Dec. 16, 2009). In reliance on Meachum, 427 U.S. at 225, this Court denied Plaintiff's IFP motion and dismissed Plaintiff's complaint for failure to state a claim because due process protections apply only to protect a liberty or property interest and, as to the location of confinement, "neither the constitution nor Rhode Island state law create a liberty interest in a prison-inmate classification housing procedure." Briggs, 2009 WL 4884529, at *4.

248), adopted sub nom., Gibbs v. NH State Prison, Warden, 2018 WL 3945869 (D.N.H. Aug. 16, 2018).

Based on these well-settled principles, Plaintiff's allegation that he did not get appropriate notice, a hearing and a written statement of reasons before the transfer to Virginia fails to state a § 1983 claim based on a due process violation. Similarly, transfer to a location further removed from family is not actionable because an inmate does not have a liberty interest in unfettered visitation that is protected by the Constitution. Ky. Dep't of Corrs. v. Thompson, 490 U.S. 454, 460 (1989); Gibbs, 2018 WL 3946517, at *3.

The balance of Plaintiff's claims (harassment, assault, turning off the inmate locator and references to him as being in protective custody) are vaguely stated and utterly lacking in supportive facts. The Court cannot ascertain whether these are actions of officials in Virginia or why the named Defendants in this case could be liable for them. To assert a claim for damages under 42 U.S.C. § 1983, Plaintiff must assert facts that allow the Court to find that it is plausible that the Rhode Island Defendants named in this case are responsible for the conduct alleged, that the risk of harm created by the conduct was foreseeable, and "that there was some direct relation between the injury asserted and the injurious conduct alleged." Cty. of L.A., Calif. v. Mendez, 137 S. Ct. 1539, 1548-49 (2017) (citation and internal quotation marks omitted). The concerns Plaintiff has highlighted – harassment and assault, Plaintiff's appearance on an inmate locator and references to him as being in protective custody – are not alleged in a manner that states a claim that they were a foreseeable consequence of the transfer or of other conduct for which the named Defendants are alleged to be responsible. See Gibbs, 2018 WL 3946517, at *5.

**IV.    Conclusion**

Plaintiff has failed to state a claim cognizable in this Court. Because it is conceivable that he may be able to articulate facts sufficient to state a viable claim, I recommend that the Court order that he has thirty days from the adoption of this report and recommendation to file a Second Amended Complaint. If Plaintiff timely files a viable Second Amended Complaint, the IFP motion should be granted, and the case may proceed, including the motion for counsel, which will be addressed. If he fails to do so or if he files a Second Amended Complaint that still fails to state a viable claim, I recommend that the case be DISMISSED and that the IFP Application (ECF Nos. 4-5) and Motion for the Appointment of Counsel (ECF No. 7) be DENIED as moot.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
March 16, 2022