UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SIMEON J. BRIGGS,  :
        Plaintiff,  :
          :
        v.  :   C.A. No. 22-31WES
          :
RHODE ISLAND DEPARTMENT OF  :
CORRECTIONS, et al.,  :
        Defendants.  :

**ORDER**

Now pending before the Court are the following motions: two motions seeking leave for Plaintiff to proceed in forma pauperis ("IFP") (ECF Nos. 4-5); a motion to appoint counsel (ECF No. 7); a motion for a hearing (ECF No. 10); a motion to amend the complaint (ECF No 12); and a motion to proceed and produce documents at a later date (ECF No. 13). All of them have been referred to me for determination. Also pending are a report and recommendation (ECF No. 9) and a supplemental report and recommendation (ECF No. 11), both of which are mooted by the Court's disposition of the pending motions.

The pertinent background may be briefly stated. On January 20, 2022, Plaintiff filed this case; on February 7, 2022, he filed an amended complaint, and, on March 17, 2022, a motion captioned as a petition for writ of habeas corpus.[1] ECF Nos. 3, 10. The amended complaint and petition were screened pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A and found to be deficient; however, Plaintiff was afforded thirty days to file a Second Amended Complaint. ECF Nos. 9, 11. He has now done so; his motion to amend, with an attached proposed Second Amended Complaint (to replace the amended complaint and petition), is now pending. ECF No. 12. Based

---

[1] This petition is deficient as a habeas corpus proceeding pursuant to 28 U.S.C. § 2241 for the reasons stated in the supplemental report and recommendation, but it also could be interpreted as simply asking for a hearing. To that extent, it is addressed *infra* under Section 4 (Motion for Hearing).

on my review of the new pleading, I find that, at this initial stage, Plaintiff has stated sufficient facts in the Second Amended Complaint for the IFP motions to be granted and the Second Amended Complaint to be served.

Based on the foregoing, the Court hereby orders as follows:

1. Motion to Amend (ECF No. 12)

Plaintiff's Motion to Amend is hereby GRANTED. The Clerk is directed to file the document docketed as ECF No. 12-1 as the Second Amended Complaint. This shall be the operative pleading to be served on the named Defendants.

2. IFP Motions (ECF Nos. 4, 5)

Plaintiff's IFP motions are GRANTED. The Clerk is directed to procure summonses and/or take other appropriate steps to arrange for service of the Second Amended Complaint on the named Defendants. Regarding the filing fee, because Plaintiff is a prisoner, he is still required to pay the statutory filing fee of $350. 28 U.S.C. § 1914(a). Pursuant to the Prison Litigation Reform Act of 1995 ("the Act"), adopted April 26, 1996, and codified at 28 U.S.C. § 1915(b), a prisoner seeking to proceed IFP must pay as an initial filing fee the greater of twenty percent (20%) of the average monthly deposits to his account or the average monthly balance for the six months prior to the filing of his Complaint. See 28 U.S.C. § 1915(b)(1). Thereafter, a prisoner must make monthly payments of twenty percent (20%) of the previous month's balance in his account. See 28 U.S.C. § 1915(b)(2). Plaintiff's attached account summary from the Buckingham Correctional Center indicates that his spending balance as of January 14, 2022, was $0.20. Accordingly, I order that Plaintiff shall not pay an initial filing fee; I further direct that the Buckingham Correctional Center shall forward to the Court each month twenty percent

(20%) of the previous month's balance in Plaintiff's account each time the amount in the account exceeds $10 until Plaintiff has paid the entire filing fee of $350.

3.      Motion to Appoint Counsel (ECF No. 7)

Plaintiff's motion for the appointment of counsel is DENIED WITHOUT PREJUDICE. This order is based on the well-settled principle that there is no constitutional right to free counsel in a civil case. DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). Rather, "[t]o qualify for this scarce resource, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights." Choksi v. Trivedi, 248 F. Supp. 3d 324, 328 (D. Mass. 2017) (citing DesRosiers, 949 F.2d at 23). To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, "a court must examine the total situation, focusing, inter alia, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." DesRosiers, 949 F.2d at 24. I find that it is premature to find that there are extraordinary circumstances sufficient to justify an appointment from the Court's pro bono panel at this early state of this proceeding, particularly where Defendants are not yet served. Accordingly, Plaintiff's Motion for the Appointment of Counsel is denied without prejudice to being made again if circumstances change.

4.      Motion for Hearing (ECF No. 10)

The Court is uncertain of Plaintiff's intent in filing this motion. To the extent that it was meant as a petition for habeas corpus, it is now supplanted by the Second Amended Complaint, which is the operative pleading. To the extent that it was simply a request for a hearing to be held on March 28, 2022, it is DENIED AS MOOT. If Plaintiff intended something else and

believes the Court has misinterpreted the motion, he shall file a clarifying pleading that makes clear what relief he is asking for and on what basis.

     5.     <u>Motion to Proceed and Produce Documents at a Later Date (ECF No. 13)</u>

This motion is unnecessary in that Plaintiff is not required to file documents that are referenced in his Second Amended Complaint at this stage of this case. Therefore, the motion to proceed and produce is DENIED AS MOOT. If Plaintiff intended something else and believes the Court has misinterpreted the motion, he shall file a clarifying pleading that makes clear what relief he is asking for and on what basis.

     6.     <u>Pending Report and Recommendation/Supplemental Report and Recommendation (ECF Nos. 9, 11)</u>

Because Plaintiff filed his Second Amended Complaint prior to the Court taking any action on the pending Report and Recommendation and Supplemental Report and Recommendation, they are withdrawn as moot.

So ordered.

ENTER:

/s/ Patricia A. Sullivan  
PATRICIA A. SULLIVAN  
United States Magistrate Judge  
April 1, 2022