UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SIMEON BRIGGS, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 22-0031-WES-PAS |
| | : | |
| LINDA AMADO, | : | |
|     Defendant. | : | |

**ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Plaintiff's motion to compel (ECF No. 91, captioned as "Plaintiff Responds to Defendant's Production of Documents") is hereby granted in part and denied in part as follows.

To the extent that Plaintiff seeks to compel production of "classification hearings. . . and recommendations for out-of-state transfer and minutes," ECF No. 91 at 2, pertaining to himself, the motion is granted in that Defendant Linda Amado ("Defendant") must produce any such materials for the period from January 17, 2020, to June 8, 2021. Such produced materials may be redacted to protect third-party information. To the extent that such material is alleged to implicate institutional safety and security and/or to be privileged, instead of producing it, Defendant shall submit such material to the Clerk for the Court to perform an in-camera review. Together with the material for in-camera review, Defendant is ordered also to submit an *ex parte* confidential Court-eyes-only written explication (including facts and law) why the material is alleged to implicate institutional safety and security and/or a privilege and should not be produced.

On or before April 22, 2024, Defendant shall provide a supplemental response to Plaintiff advising him whether there are responsive documents, and either producing them or advising Plaintiff that responsive documents have been submitted to the Court for in-camera review. To

the extent that Defendant invokes privilege, she shall comply with the Fed. R. Civ. P. 26(b)(5)(A) requirement that Plaintiff must be provided with a privilege log. The in-camera submission, including the *ex parte* confidential explanation, must be submitted to the Court by May 6, 2024. Following the in-camera review, the Court will determine promptly whether such materials must be produced. If there are no documents to be submitted for in-camera review, on or before May 6, 2024, Defendant is ordered to file on the public docket of this case a certification that all responsive documents required to be produced by this Order that were found after diligent search have been produced.

To the extent that Plaintiff's motion was intended to seek production of classification or other materials pertaining to other inmates, the motion is denied because, as the Court finds, the request is overbroad and production of such irrelevant material is disproportional and otherwise inappropriate for the reasons stated in Defendant's opposition, including without limitation, because the material contains private information of other inmates and because the production of such information is likely to compromise institutional safety and security.

To the extent that Plaintiff's motion asks Defendant to answer further regarding why he remained in custody in Virginia during the ten-day gap between the alleged termination of the Intergovernmental Agreement on December 1, 2023, and the alleged signing of the new Intergovernmental Agreement on December 11, 2023, the motion is denied. Plaintiff must ask such a question in the form of a discovery request, such as an interrogatory.

To the extent that the motion seeks any other relief, it is denied.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
April 10, 2024