UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SIMEON BRIGGS, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 22-31-WES |
| | : | |
| LINDA AMADO, | : | |
| Defendant. | : | |

**MEMORANDUM AND ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

On March 6, 2024, Plaintiff Simeon Briggs, a *pro se* prisoner, moved to compel Defendant Linda Amado to produce certain minutes of the Classification Board of Rhode Island Department of Corrections ("RIDOC") alleging that the minutes are relevant to his claim that he was transferred by Defendant on June 8, 2021, to a state facility in Virginia in retaliation for his filing of grievances during the period preceding the transfer. Briggs v. Amado, C.A. No. 22-31WES, 2024 WL 866875, at *2 (D.R.I. Feb. 29, 2024). Specifically, one of the grievances that Plaintiff filed on April 10, 2021, asserts that the Classification Board improperly considered "two charges" that had been dismissed by the Warden; another filed on April 23, 2021, asserts that the Classification Board should not have relied on a fight that Plaintiff claims he would not have been in "had [he] not been in seg."[1] See ECF Nos. 73 at 3; 25 at 5; see also Briggs, 2024 WL 866875, at *1-2. The motion to compel was granted with respect to responsive classification documents pertaining to Plaintiff, provided that, as to any for which Defendant was asserting either the deliberative process privilege or the law enforcement privilege, the Court ordered that such documents should be presented for *in camera* review with an *ex parte* explanation why the

---

[1] This grievance also relates to gang-related fighting in RIDOC facilities. This aspect of the grievance is difficult to understand.

privilege asserted should be applied, as well as why the production of such documents should not be ordered because of institutional safety and security.  ECF No. 100.

Defendant has complied with the Court's Order and presented for *in camera* review the minutes of six Classification Board meetings pertaining to Plaintiff held on February 26, 2020; May 28, 2020; August 26, 2020; November 18, 2020; February 17, 2021; and April 7, 2021. With the submission, Defendant has also presented *ex parte* arguments supporting her assertions of the deliberative process privilege or the law enforcement privilege that persuasively contend that production of these minutes, particularly in the context of this case, would seriously implicate institutional safety and security, putting at risk RIDOC staff, inmates and Plaintiff himself; the Court further notes that these arguments credibly establish that, if these documents were produced and their content became known, these risks could be significantly exacerbated if Plaintiff were to return to Rhode Island as he requests.  Mindful of these well-founded concerns, but also focused on what information is relevant to Plaintiff's allegations, the Court has carefully reviewed the submission.

I.      **Applicable Law**

Because Plaintiff's claim of retaliatory transfer arises under 42 U.S.C. § 1983, federal common law governs the Court's analysis of what privileges may be available to protect documents and information from production.  Fed. R. Evid. 501.  In this case, Defendant has asserted two privileges, both of which have been recognized as "more or less securely established in federal case law" and applicable in § 1983 cases to documents pertaining to prison transfer decisions.  See Ass'n for Reduction of Violence v. Hall, 734 F.2d 63, 65-66 (1st Cir. 1984) (in § 1983 action alleging retaliatory transfer to out-of-state prisons, qualified privileges

recognized as potentially applicable to court's determination that certain documents should be withheld).

      First, Defendant relies on the deliberative process privilege. As this Court recently held, the deliberative process privilege is a recognized federal law privilege that "rests on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news, and its object is to enhance the quality of agency decisions . . . by protecting open and frank discussion among those who make them within the Government." Am. Trucking Ass'ns, Inc. v. Alviti, 496 F. Supp. 3d 699, 715 (D.R.I. 2020) (quoting Dep't of Interior v. Klamath Water Users Protective Ass'n, 532 U.S. 1, 8-9 (2001)), granting in part and denying in part writ of advisory mandamus, 14 F.4th 76 (1st Cir. 2021), appeals docketed, No. 22-1795 (1st Cir. Oct. 19, 2022), No. 22-1796 (1st Cir. Oct. 20, 2022). In cases alleging retaliatory prison transfer, the deliberative process privilege allows the government to withhold predecisional documents/information "containing confidential deliberations of law or policymaking, reflecting opinions, recommendations or advice." Molina v. Rivello, Civil No. 3:23-CV-1111, 2024 WL 2057387, at *3-4 (M.D. Pa. May 8, 2024) (internal quotation marks omitted) (finding deliberative process privilege applies to documents relating to rationale and decision supporting inmates' allegedly retaliatory transfer; documents ordered to be presented for *in camera* review); Walker v. Regan, Civil No. 13-7556, 2019 WL 687884, at *3 (E.D. Pa. Feb. 15, 2019) (claimant alleging retaliatory classification based on his filing of grievances denied access to "vote sheets" reflecting decision-making process of prison officials based on balancing required for deliberative process privilege; such decisional documents "are quintessential examples of documents protected by the deliberative process privilege" and provide "counselors opportunities to be candid and express their views about changes to an

inmate's custody level and classification"). In Regan, the court found that, even if the requested documents were tangentially relevant, the claimant's need was outweighed by the prison's interest in maintaining the confidentiality of the documents. Id. at *4. Similarly, in Bramble v. Wetzel, Civil No. 4:20-CV-2394, 2021 WL 5918752, at *3 (M.D. Pa. Dec. 15, 2021), the court sustained an assertion of the deliberative process privilege and denied a motion to compel classification decision documents because they "contain confidential deliberations, mental impressions, and opinions of staff, as well as other sensitive information about the inmate that is used to fully inform those making a decision about the inmate's placement." The court held that "legitimate security concerns of the [prison system] outweigh any relevance that these documents have to [plaintiff]'s constitutional claims, and thus, we will decline to compel these documents." Id.; see Robinson v. Sposato, No. 13-CV-3334 (JFB)(WDW), 2014 WL 905580, at *5 (E.D.N.Y. Mar. 7, 2014) (in light of assertion *inter alia* of deliberative process privilege, documents related to classification and segregation, filed under seal, need not be produced until relevance is established).

      Defendant also invokes the law enforcement privilege. Recognized by the Supreme Court since 1957, Roviaro v. United States, 353 U.S. 53 (1957), this privilege affords qualified protection for documents/information reflecting law enforcement activities, including "confidential government surveillance information," information about "confidential informant[s]," and, information revealing "law enforcement techniques and procedures." Gulluni v. Levy, 85 F.4th 76, 85 (1st Cir. 2023). The underlying rationale for the privilege is that law enforcement functions and operations will not be effective if production is prevalent. Id. As with the deliberative process privilege, "[t]he interest of the party seeking disclosure tends to be strongest when the information in question is highly relevant, helpful, and unavailable from other

4

sources." Ass'n for Reduction of Violence, 734 F.2d at 66. The law enforcement privilege has been applied to deny pre-*in camera* review access to documents relating to a prison transfer decision that § 1983 claimants alleged was in retaliation for the filing of grievances and lawsuits. Westefer v. Snyder, 472 F. Supp. 2d 1034, 1035-38 (S.D. Ill. 2006). In this Court, the law enforcement privilege has been applied in a § 1983 case to order production of redacted use-of-force and chemical-agents policies; the Court directed that the redactions should conceal "information contained in each of the policies which, if disclosed, would pose a safety and security risk." Walker v. Wall, C.A. No. 10-178 S, 2010 WL 4903825, at *2 (D.R.I. Nov. 24, 2010).

## II.     Analysis

With this backdrop, the Court turns to the six documents. Based on the *in camera* review, the Court finds that all six of these documents consist of and reflect the predecisional confidential deliberations of the RIDOC Classification Board, including the mental impressions and opinions of RIDOC staff, as well as other sensitive information about Plaintiff that is used to fully inform those making a decision about Plaintiff's classification; therefore, they are clearly and facially decisional documents that "are quintessential examples of documents protected by the deliberative process privilege." Regan, 2019 WL 687884, at *3; see generally Bramble, 2021 WL 5918752, at *3. In addition, the Court finds that they contain information reflecting law enforcement activities and, to that extent, some of what is contained in them falls squarely within the scope of the law enforcement privilege. See Westefer, 472 F. Supp. 2d at 1035-38. The Court sustains RIDOC's assertion of these qualified privileges as to all of them. Therefore, the Court must carefully scrutinize them to determine to what degree they are relevant to Plaintiff's claim, as well as, to the extent that they are merely tangentially relevant, whether Plaintiff's need

is nevertheless outweighed by Defendant's legitimate interest in maintaining their confidentiality. Regan, 2019 WL 687884, at *4.

As to all but one of the documents in issue, based on my review, I find that they are not even peripherally relevant, in that Plaintiff's case is not focused on his classification but on his grievances and their impact on his transfer. That is, based on my *in camera* review, I find that none of these five Classification Board minutes address either Plaintiff's transfer or the grievances Plaintiff filed with RIDOC during the period preceding the transfer.[2] Having scrutinized these classification minutes in light not just of Plaintiff's Second Amended Complaint (ECF No. 15), but also in light of his many filings that lay out the facts supporting his claim (ECF Nos. 20-25, 104), the Court sustains Defendant's assertion of the deliberative process privilege and the law enforcement privilege and, based on the complete absence of relevancy, denies Plaintiff's motion to compel the classification minutes dated February 26, 2020; May 28, 2020; August 26, 2020; November 18, 2020; and February 17, 2021.

By contrast, the minutes for the Classification Board meeting held on April 7, 2021, continued on April 21, 2021, is most proximate to the June 8, 2021, transfer. Further, this document addresses an issue raised by Plaintiff in one of his April 2021 grievances, which he contends were among those that triggered Defendant's decision to transfer him to Virginia.[3]

---

[2] The Court notes that Plaintiff included in his fourth motion for summary judgment Defendant's interrogatory answer, which is consistent with this finding; it states: "the Classification Board did not recommend that [P]laintiff be involuntarily transferred to Virginia." ECF No. 104-1 at 1 (answers to interrogatories 6 and 7).

[3] Plaintiff's April 10, 2021, grievance complains that the Classification Board "held [Plaintiff] back" because it improperly considered a booking that had been dismissed. Briggs, 2024 WL 866875, at *1; see also ECF No. 73 at 3. The April 2021 classification minutes reflect an initial concern about the appropriateness of relying on a discipline charge that was "still awaiting the Warden's review," as well as that, when that booking was dismissed after the Warden's review, a re-hearing was conducted on April 21, 2021. Thus, these classification minutes are peripherally relevant in that they appear to establish how RIDOC responded to one of the grievances in issue – by conducting a classification re-hearing to consider the new information as Plaintiff requested.

Therefore, these minutes are peripherally relevant to the claim and/or defenses in the case and within the scope of discovery pursuant to Fed. R. Civ. P. 26(b)(1).  Balancing this peripheral relevancy against RIDOC's legitimate interests in confidentiality, the Court orders that the classification minutes dated April 7/21, 2021, shall be redacted[4] and produced by Defendant to Plaintiff, subject to the Court's additional Order that Plaintiff shall treat this document as confidential and must limit its use to this case.

### III.    Conclusion

Based on the foregoing, the Court sustains Defendant's assertion of the deliberative process privilege and the law enforcement privilege and orders that the classification minutes for February 26, 2020; May 28, 2020; August 26, 2020; November 18, 2020; and February 17, 2021, are protected from discovery.  As to the classification minutes for April 7/21, 2021, the Court sustains Defendant's assertion of the deliberative process privilege and the law enforcement privilege, but finds that, on balance, a version of the document that has been redacted pursuant to the Court's direction must be produced.  Upon his receipt of the redacted document, the Court further orders that Plaintiff must treat this document as confidential with access limited to himself and any attorney he may consult regarding this case and must limit his use of the document to this case.  Finally, to preserve this issue for further judicial review, the Clerk is directed to file Defendant's *in camera* submission made in compliance with ECF No. 100 under seal with access restricted to the Court only.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
June 25, 2024

---

[4] The Court has made the redactions and hereby directs the Clerk to email the redacted version to counsel for Defendant to be produced to Plaintiff.