UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SIMEON BRIGGS, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 22-31-WES |
| | : | |
| LINDA AMADO, | : | |
|     Defendant. | : | |

## REPORT AND RECOMMENDATION

PATRICIA A. SULLIVAN, United States Magistrate Judge.

On May 14, 2024, Plaintiff Simeon Briggs, a *pro se* prisoner, filed a motion for an interim preliminary injunction and/or temporary restraining order. ECF No. 106. Plaintiff is serving *inter alia* a life sentence for murder imposed by the State of Rhode Island. Since his transfer on June 8, 2021, by the Rhode Island Department of Corrections ("RIDOC") to a prison facility in Virginia, Plaintiff has been incarcerated in the custody of the Virginia Department of Corrections. Plaintiff alleges that his transfer was ordered by Defendant in retaliation for his exercise of First Amendment rights by the filing of grievances.

Plaintiff's motion for an injunction appears to be based on two concerns. First, he alleges that he does not have a copy of this Court's Local Rules, which the Court relied on (in part) in denying two of Plaintiff's motions for summary judgment; he asks the Court to order Defendant to provide him with a copy. ECF No. 106 at 5. Second, Plaintiff alleges that since early March 2024 there has been a security-based lockdown at the Virginia facility at which he is presently incarcerated, which has adversely affected his ability to litigate various cases, including his post-conviction relief proceeding pending in Rhode Island state court. Id. As a remedy for the second concern, Plaintiff asks the Court to order Defendant to afford Plaintiff access to the entirety of the materials and services (copying and notary services) available to inmates at the Rhode Island

Prison Law Library. Alternatively, Plaintiff also asks the Court to reconsider the denial of his motions for summary judgment.

I.      **Background**

Despite being incarcerated in Virginia, Plaintiff was able to file this case on January 20, 2022; since then he has aggressively prosecuted the case, including the filing of at least five motions for summary judgment (ECF Nos. 37, 40, 56, 94, 104). The first motion for summary judgment was denied because it was premature in that the original complaint had not yet been answered. Text Order of June 2, 2022. The second and third were denied because they were filed while Defendant's motion to dismiss was pending and were repetitive and untimely. Text Order of September 6, 2022. Plaintiff unsuccessfully appealed from this Order. ECF No. 76. The fourth motion for summary judgment was denied because Plaintiff failed to file the Statement of Undisputed Facts required by the Court's Local Rules, as well as because the Local Rules allow the filing of more than one motion for summary judgment only with leave of Court for good cause. Text Order of April 18, 2024. The last of the five was denied for the same reasons as the fourth. Text Order of April 25, 2024.

The Court notes that Plaintiff is a prolific and experienced litigant, who has prosecuted at least one case involving substantive Fed. R. Civ. P. 56 motions, suggesting his familiarity with Rule 56's strict requirement that the movant must present material facts, each supported by evidence that is included with the motion, and that the motion may be granted only if such facts are not disputed by similarly supported facts presented in opposition. Briggs v. Brockman, Civil Action No. 3:19-0319, 2021 WL 1212311, at *1-2 (M.D. Pa. Mar. 31, 2021) (lengthy and detailed opinion addressing *inter alia* dueling summary judgment motions brought by Plaintiff and defendants in case alleging denial of adequate medical care), appeal dismissed, No. 21-1718,

2

2021 WL 8087227 (3d Cir. Dec. 2, 2021).  The Court also notes that Plaintiff's dissatisfaction with his ability to access various courts while incarcerated in Virginia has recently been the subject of litigation in that Plaintiff sued an individual associated with the Virginia Department of Corrections, alleging that he has been unable to litigate and therefore has been unconstitutionally deprived of his right to access the courts.  Briggs v. Rosch, No. 1:22-cv-690-MSN-WEF, 2024 WL 1268181, at *1-2 (E.D. Va. Feb. 26, 2024), appeal filed, No. 24-6266 (4th Cir. Mar. 25, 2024).  This case was dismissed for failure to state a claim *inter alia* because Plaintiff failed plausibly to allege that any Virginia state official had frustrated or impeded his right of access or engaged in conduct that caused him actual injury.  Id. at *2-3.

## II.      Applicable Law

When considering a request for interim injunctive relief, the court must be guided by the traditional equity doctrine that such relief is an extraordinary and drastic remedy that is never awarded as of right.  Letourneau v. Aul, C.A. No. 14-421L, 2015 WL 5167854, at *2 (D.R.I. Sept. 3, 2015).  The basic four-factor legal standard is the same for a temporary restraining order and a preliminary injunction.  Brennan v. Wall, C.A. No. 08–419S, 2009 WL 196204, at *2 (D.R.I. Jan. 26, 2009).  That is, the moving party must demonstrate: (1) a likelihood of success on the merits; (2) irreparable harm if the injunction is withheld; (3) a favorable balance of hardships; and (4) that the injunction is in the public interest.  Ocean State Tactical, LLC v. Rhode Island, 95 F.4th 38, 42 (1st Cir. 2024).  A plaintiff seeking an interim injunction bears the burden of demonstrating that each of the four factors weigh in his favor.  Letourneau, 2015 WL 5167854, at *2.

A mandatory preliminary injunction, which alters rather than preserves the status quo as Plaintiff seeks here, should not issue unless the facts and the law clearly favor the moving party.

3

Id. at *2.  Further, Plaintiff's status as a prisoner triggers an additional restriction on the availability of interim injunctive relief that is set forth in the Prison Litigation Reform Act ("PLRA").  See 18 U.S.C. § 3626.  The PLRA provides that the court shall not enter a temporary restraining order or preliminary injunction unless it finds that the injunctive relief is "narrowly drawn, extend[s] no further than necessary to correct the harm the court finds requires preliminary relief, and [is] the least intrusive means necessary to correct that harm."  Id. § 3626(a)(2).

It is well settled that a motion for injunctive relief to address a prisoner's frustration with limits on access to the law library brought in a civil case presenting entirely unrelated claims should be denied because the relief requested is not based on the claims in the case, but rather encompasses an entirely new claim.  Moore v. Weeden, C.A. No. 09-434 S, 2010 WL 2541045, at *2-3 (D.R.I. May 19, 2010), adopted sub nom. Moore v. Weedon, 2010 WL 2541049 (D.R.I. June 18, 2010); see, e.g., Guillen v. Thompson, No. CV 08-1279-PHX-MHM (LOA), 2009 WL 2513501, at *6-7 (D. Ariz. Aug. 14, 2009) (denying preliminary injunction based *inter alia* on denial of access to court claim because unrelated to underlying claim of inadequate medical care).  This is particularly true where there is no suggestion that the named defendant in the underlying suit has acted in any way to interfere with the claimant's ability to access the courts and litigate a non-frivolous claim.  Moore, 2010 WL 2541045, at *3.

**III.   Analysis**

Beginning with Plaintiff's first concern – his difficulties with his fourth and fifth summary judgment motions in this case because of his unfamiliarity with the Court's Local Rules – the Court notes that these Local Rules are available electronically on the Court's website

and can be found in various on-line collections of rules of procedure.[1]  The Court further notes that Plaintiff's motion is accompanied by a grievance response from the Virginia Department of Corrections suggesting that, even during the lockdown, he has had the ability to ask the law library to supply him with a copy of this Court's Local Rules.  ECF No. 106-1 at 3.  The Court further notes that Plaintiff attached to one of his motions for summary judgment (ECF No. 104-1 at 12) an excerpt from what appears to be the RIDOC transfer policy, which permits Plaintiff to ask RIDOC's law librarians for legal materials, yet Plaintiff's motion does not indicate that he has made such a request for a copy of this Court's Local Rules.[2]  Therefore, this aspect of the motion should be denied because it fails to establish either likelihood of success on the merits or irreparable harm if an injunction is withheld.  Nevertheless, the Court suggests (but does not order) that counsel for Defendant moot the issue by mailing to Plaintiff a copy of the portion of the Local Rules that address local procedures for civil cases.

As to the balance of the motion, I recommend that it be denied because it seeks extraordinary relief – a mandatory injunction that would require Defendant to import to the Virginia Department of Corrections the entire Rhode Island Prison Law Library, including its staff, so that Plaintiff can be provided access to materials and services – that is not grounded in the only claim in this case and that is unhinged from any conduct or responsibility of the only Defendant.  Thus, the motion amounts to the assertion of an entirely new claim alleging an

---

[1] The Local Rules for the District of Rhode Island may be accessed at https://www.rid.uscourts.gov/sites/rid/files/documents/Approved%20Dec%202024%20Rules.pdf.  The Court notes that the Local Rules include a section applicable to civil cases, comprising the Rules designated as DRI LR Cv, which is probably of most interest to Plaintiff.  That section of the Local Rules can be found at pages 67-98 of the document.

[2] In relevant part, this excerpt provides: "**NOTE**: An inmate's right of access to the courts and legal assistance must also be protected.  Inmates have the right to submit written requests for legal materials to RIDOC's Law Librarians (see the most recent version of RIDOC policy 13.03 DOC, Access to the Courts and Legal Materials)."  ECF No. 104-1 at 12.

unconstitutional deprivation of the right to access the courts based on a lockdown in another jurisdiction. As in Moore, 2010 WL 2541045, at *2-3, for that reason alone it must be denied. Nor is Plaintiff's alleged injury anchored in this case – that is, Plaintiff appears to rely principally on his challenges in litigating his post-conviction relief proceeding, which presumably is pending in Rhode Island state courts and for which he apparently has a court-appointed attorney. Nor does the motion explain why the ability to request materials from the law library in Virginia (as described in the exhibits supporting the motion) and in Rhode Island (as described in the exhibits supporting the summary judgment motion) are not adequate to address any constitutional concern. Nor does the motion establish the imminent likelihood of irreparable harm impacting this case, where Plaintiff has been able to litigate aggressively through the filing of approximately forty motions, including his recent partial success in moving to compel discovery.

Based on the foregoing, I recommend that the motion for an extraordinary mandatory injunction be denied.

Finally, I do not recommend that the Court reconsider the denial of Plaintiff's various motions for summary judgment. "[M]otions for reconsideration are appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." Allstate Ins. Co. v. Fougere, 79 F.4th 172, 197 (1st Cir. 2023) (alteration in original and internal quotation marks omitted). "Unless the court has misapprehended some material fact or point of law, such a motion is normally not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected." Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006).

In this instance, Plaintiff points to no misapprehension of law or fact. Thus, the Court's approach to the motion appropriately rests on Fed. R. Civ. P. 56, which makes plain that a successful summary judgment motion requires a significant and thorough examination of the facts and normally is not brought until the facts are developed, after the fact phase of the case is closed. The Court also appropriately relied on this Court's Local Rule 56, which requires that the motion must be supported by a Statement listing individually, with supporting evidence identified, every fact material to the relief sought as to which the movant contends there is no dispute. DRI LR Cv 56(a)-(b). Because of the burden of such a motion on the Court and on the non-moving party, the Court further appropriately relied on DRI LR Cv 56(c), which limits a party to one motion for summary judgment "unless the Court otherwise permits for good cause shown."[3] Id. That a motion for summary judgment is serious is illustrated by the detailed factual exposition in the decision in the Middle District of Pennsylvania case in which Plaintiff was a party. Briggs, 2021 WL 1212311, at *2-11.

In considering Plaintiff's request for reconsideration, I have carefully reviewed Plaintiff's fourth and fifth motions for summary judgment. As to the fourth, I observe that it is devoid of facts and is largely based on speculation and an *ad hominem* attack on Defendant. And while the fifth motion is densely supported factually, it nevertheless fails to present discrete and properly supported facts that allegedly demonstrate that there is no dispute that Plaintiff's out-of-state transfer to Virginia was triggered by the filing of grievances. ECF Nos. 94, 104. Thus, I find that it was an exercise of leniency for the Court to deny these motions due to their glaring

---

[3] To the extent that Plaintiff later presents a motion for summary judgment that he believes is compliant with Fed. R. Civ. P. 56 and DRI LR Cv 56, he must attach the new motion (and the accompanying Statement of Undisputed Facts) to a motion for leave to file it pursuant to DRI LR Cv 56(c) and may argue good cause based on his lack of knowledge of the applicable Local Rule. Whether the Court will grant such a motion for leave to file another motion for summary judgment will be a matter of judicial discretion.

procedural deficiencies rather than on the merits.  I do not recommend that the Court reconsider any of the summary judgment rulings.

## IV.     Conclusion

Based on the foregoing analysis, I recommend that Plaintiff's motion for preliminary injunction and/or temporary restraining order and for reconsideration of the denials of his motions for summary judgment, ECF No. 106, be denied, provided that I suggest that counsel for Defendant send a copy of the civil portion of the Local Rules of the District of Rhode Island to Plaintiff as a convenience.

Any objections to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen days of service of this report and recommendation.  See Fed. R. Civ. P. 72(b); DRI LR Cv 72.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See Brenner v. Williams-Sonoma, Inc., 867 F.3d 294, 297 n.7 (1st Cir. 2017); Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).


/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
June 26, 2024