UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SIMEON BRIGGS, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 22-31-WES |
| | : | |
| LINDA AMADO, | : | |
|     Defendants. | : | |

**ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Now pending before the Court are two motions filed by *pro se* Plaintiff Simeon Briggs. They have been referred to me for determination. ECF Nos. 115, 116. In considering Plaintiff's arguments, the Court has afforded Plaintiff the leniency due to any *pro se* litigant. See De Barros v. From You Flowers, LLC, 566 F. Supp. 3d 149, 152 (D.R.I. 2021).

First, Plaintiff has moved for reconsideration of the Court's decision of June 25, 2024, ECF No. 110, ordering production of certain documents and not others based on an *in camera* review, which established that the withheld documents are not relevant in that they do not address transfer and do not deal with Plaintiff's grievances. ECF No. 116. The motion for reconsideration articulates Plaintiff's confusion regarding why there was a delay between his return from Federal Bureau of Prisons custody and his transfer to Virginia and why he was transferred to Virginia when the Classification Board did not recommend transfer. Id. at 2-5. As a request seeking reconsideration, Plaintiff's first motion must overcome the well-established principle that "[t]he granting of a motion for reconsideration is 'an extraordinary remedy which should be used sparingly.'" Bowling v. Hasbro, Inc., C.A. No. 05-229S, 2008 WL 169693, at *1 (D.R.I. Jan. 16, 2008) (alteration in original) (quoting Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006)). "Unless the court has misapprehended some material fact or point of law,

such a motion is normally not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected." Silva v. Farrell, C.A. No. 18-650JJM, 2019 WL 2501887, at *1 (D.R.I. Jan. 15, 2019) (quoting Bowling, 2008 WL 169693, at *1), adopted, 2019 WL 2500668 (D.R.I. Jan. 30, 2019). To succeed on a motion for reconsideration, a movant "must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law." Id.

The second motion reflects Plaintiff's request for leave to propound more than the twenty-five interrogatories allowed by Fed. R. Civ. P. 33(a)(1). ECF No. 115. Read in light of Defendant's Objection, ECF No. 118, Plaintiff's motion appears to acknowledge that the excess interrogatories are Plaintiff's second set (as amended) and that he effectively is seeking leave to propound a total of forty-eight interrogatories. ECF No. 115 at 2-3. Defendant has attached a copy of Plaintiff's second set of interrogatories (as originally propounded and as amended), which confirm her contention that they are hard to understand, argumentative, compound, largely focused on matters not relevant to what is in issue and beyond the scope of permissible discovery. See ECF No. 118-3. By way of just one example, Plaintiff's proposed interrogatory 23 asks:

> How do you know any of Plaintiff's requested document don't have nothing to do with this case? Are you trying to say something? Because your assuming they don't, when in fact, they do! If they don't have nothing to do with this case, why not provide them?

ECF No. 118-3 at 11. This interrogatory is not just compound, but also is beyond the scope of discovery because it does not seek facts, opinions or contentions related to fact or the application of law to fact, but rather inappropriately and argumentatively asks Defendant's attorney to explain the arguments presented to the Court in filings regarding Plaintiff's motion to compel. See Fed. R. Civ. P. 33(a)(2). More importantly, the interrogatory makes no sense because it was

2

<u>the Court that reviewed the documents and found that they do not relate to this case</u>. Thus, interrogatory 23 is improper and objectionable; a response will not help Plaintiff but will impose added burden on Defendant. Most of the other new interrogatories are similarly flawed.

Having carefully considered Plaintiff's arguments in support of his first motion that identify no new evidence and no manifest error of law, and having already reviewed the documents in issue *in camera*, the Court denies Plaintiff's motion for reconsideration. However, the Court notes Plaintiff's confusion regarding the two questions – why there was a delay between his return from BOP custody and his transfer to Virginia and why he was transferred to Virginia when the Classification Board did not recommend transfer. Mindful that these are inquiries appropriately propounded as an interrogatory, the Court grants in part Plaintiff's second motion for leave to propound more interrogatories. Specifically, Plaintiff must withdraw the second set of interrogatories (original and as amended) but may propound up to a total of seven new interrogatories (for a total of thirty). In so doing, the Court urges Plaintiff to ask simple direct questions seeking facts that are relevant to his claim that he was transferred in retaliation for filing grievances. In his option, two of his new interrogatories may be the questions noted above.

Based on the foregoing, Plaintiff's motion for leave to propound excess interrogatories, ECF No. 115, is GRANTED in part, to the extent that Plaintiff may propound seven additional questions, provided that his second set of interrogatories (original and as amended) must be withdrawn. Plaintiff's motion for reconsideration, ECF No. 116, is DENIED.

/s/ Patricia A. Sullivan  
PATRICIA A. SULLIVAN  
United States Magistrate Judge  
August 27, 2024