UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SIMEON BRIGGS, :
    Plaintiff, :
:
v. : C.A. No. 22-31-WES
:
LINDA AMADO, :
    Defendant. :

**REPORT AND RECOMMENDATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

On October 2, 2024, Plaintiff Simeon Briggs, a *pro se* prisoner, filed a third motion for an interim emergency injunction. ECF No. 125; see ECF Nos. 45, 106; Text Order of Sept. 6, 2022. Plaintiff is serving *inter alia* a life sentence for murder imposed by the State of Rhode Island. Since his transfer on June 8, 2021, by the Rhode Island Department of Corrections ("RIDOC") to a prison facility in Virginia, Plaintiff has been incarcerated in the custody of the Virginia Department of Corrections. Plaintiff alleges that his transfer was ordered by Defendant in retaliation for his exercise of First Amendment rights by the filing of grievances.

**I. Background**

Like the first two motions,[1] Plaintiff's motion for an emergency injunction is based on his

---

[1] Plaintiff's first motion sought an injunction returning him to Rhode Island and was virtually identical to the instant motion in that it sought return to Rhode Island due to his difficulty with litigating his post-conviction relief proceeding. ECF No. 45. The first motion was denied by Text Order of September 6, 2022, which held that Plaintiff had not established a likelihood of irreparable harm on the grounds that his access to the courts was being infringed, as well as because he was represented by competent counsel in his state court post-conviction relief proceeding. The second motion for an injunction, ECF No. 106, was somewhat different; it sought a court order requiring that the law library in Rhode Island be made accessible to Plaintiff in Virginia based in part on Plaintiff's "challenges in litigating his post-conviction relief proceeding, for which he has a court-appointed attorney." Briggs v. Amado, C.A. No. 22-31-WES, 2024 WL 3201409, at *3 (D.R.I. June 26, 2024), adopted by text order (D.R.I. July 15, 2024), appeal docketed, No. 24-1692 (1st Cir. July 29, 2024). The second motion was denied because it was not linked to Plaintiff's alleged injury in this case, as well as because, with a court-appointed attorney in the Rhode Island post-conviction proceeding, Plaintiff had failed to establish the imminent likelihood of irreparable harm. Id. at *2-3.

difficulty in conferring with his state court-appointed attorney in connection with the prosecution of his post-conviction relief petition, which is currently pending in the Rhode Island Superior Court. Plaintiff represents that he had a conversation with a Superior Court clerk who told him that the post-conviction proceeding is on hold because he is in Virginia. In support of his motion for an injunction, Plaintiff has attached a Superior Court order, which reveals that he asked the Rhode Island Superior Court for a new attorney in the post-conviction proceeding because of his difficulty in conferring with the one who had been appointed for him. On May 23, 2024, that motion was denied because the difficulties in conferring with the attorney were caused by Plaintiff's incarceration in Virginia, which the court held is not a reason to appoint substitute counsel. ECF No. 125-2. The Superior Court order also referred Plaintiff's request for transfer back to RIDOC for consideration. Id. While not included in the parties' briefing, the Court has reviewed the Superior Court docket for Plaintiff's pending post-conviction relief proceeding. It reveals ongoing proceedings regarding Plaintiff's difficulty in communicating with his attorney, including Plaintiff's recently filed (on October 1, 2024) motion for show cause and notice of appeal.

**II.    Applicable Law**

When considering a request for interim injunctive relief, the court must be guided by the traditional equity doctrine that such relief is an extraordinary and drastic remedy that is never awarded as of right. Letourneau v. Aul, C.A. No. 14-421L, 2015 WL 5167854, at *2 (D.R.I. Sept. 3, 2015). The basic four-factor legal standard is the same for a temporary restraining order and a preliminary injunction. Brennan v. Wall, C.A. No. 08-419S, 2009 WL 196204, at *2 (D.R.I. Jan. 26, 2009). That is, the moving party must demonstrate: (1) a likelihood of success on the merits; (2) irreparable harm if the injunction is withheld; (3) a favorable balance of

hardships; and (4) that the injunction is in the public interest. Together Emps. v. Mass Gen. Brigham Inc., 32 F.4th 82, 85 (1st Cir. 2022). A plaintiff seeking an interim injunction bears the burden of demonstrating that each of the four factors weigh in his favor. Letourneau, 2015 WL 5167854, at *2. A mandatory preliminary injunction that alters rather than preserves the status quo should not issue unless the facts and the law clearly favor the moving party. Id. Further, Plaintiff's status as a prisoner triggers additional restrictions on the availability of interim injunctive relief in the Prison Litigation Reform Act ("PLRA"). See 18 U.S.C. § 3626. The PLRA provides that the court shall not enter a temporary restraining order or preliminary injunction unless it finds that the injunctive relief is "narrowly drawn, extend[s] no further than necessary to correct the harm the court finds requires preliminary relief, and [is] the least intrusive means necessary to correct that harm." Id. § 3626(a)(2). A motion for injunctive relief to address a prisoner's frustration with access to the court brought in a civil case presenting an unrelated claim should be denied because the relief requested encompasses a new claim. Moore v. Weeden, C.A. No. 09-434 S, 2010 WL 2541045, at *2-3 (D.R.I. May 19, 2010), adopted sub nom. Moore v. Weedon, 2010 WL 2541049 (D.R.I. June 18, 2010).

**III.     Analysis**

Apart from being barred because the Court has already denied a virtually identical motion, I recommend that Plaintiff's motion for emergency injunction be denied because it amounts to the assertion of a claim alleging an unconstitutional deprivation of the right to access the Rhode Island Superior Court in the post-conviction relief proceeding; thus, the injury for which Plaintiff seeks injunctive relief – his challenges in litigating his post-conviction relief proceeding pending in the Rhode Island state courts for which he has a court-appointed attorney – does not arise from the claim asserted in this case, which alleges that Defendant Amado

transferred Plaintiff to Virginia in retaliation for the filing of grievances.  As in Moore, 2010 WL 2541045, at *2-3, for that reason alone, the motion for an injunction must be denied.  Nor does the motion establish the imminent likelihood of irreparable harm where Plaintiff continues to be represented by a competent attorney in the post-conviction relief proceeding and where the Rhode Island Superior Court Justice is aware of Plaintiff's circumstances in the specific context of that proceeding, including his difficulty in conferring with his court-appointed attorney, and has issued at least one order to address Plaintiff's concerns.  See Together Emps., 32 F.4th at 85.  Based on the foregoing, I recommend that the motion for an extraordinary mandatory injunction be denied.

**IV.     Conclusion**

Based on the foregoing analysis, I recommend that Plaintiff's motion for emergency injunction, ECF No. 125, be denied.  Any objections to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen days of service of this report and recommendation.  See Fed. R. Civ. P. 72(b); DRI LR Cv 72.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See Brenner v. Williams-Sonoma, Inc., 867 F.3d 294, 297 n.7 (1st Cir. 2017); Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
October 22, 2024